<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANWAR SIRAJ GOMEZ-EL, *ex rel.* Carlos O. Larue,<br><br>     Plaintiff,<br><br>v.<br><br>THE STATE OF NEW JERSEY, *et al.*,<br><br>     Defendants. | Civil Action No. 21-505 (SDW) (LDW)<br><br>**WHEREAS OPINION AND ORDER**<br><br>May 7, 2024 |

**WIGENTON**, District Judge.

      **THIS MATTER** having come before this Court upon *pro se* Plaintiff Anwar Siraj Gomez-El's ("Plaintiff") filing of an amended complaint (D.E. 4 ("Amended Complaint")) and a short-form application to proceed *in forma pauperis* (D.E. 4-3 ("IFP Application")), and this Court having reviewed Plaintiff's submissions; and

      **WHEREAS** this matter was dismissed—and closed—on March 26, 2021, because Plaintiff failed to pay the filing fee or submit an application to proceed *in forma pauperis*. (D.E. 3.) Three years later, on April 24, 2024, Plaintiff filed the Amended Complaint and the IFP Application. (D.E. 4.) The IFP Application is deficient[1], and in any event, Plaintiff has presented no justification for reopening this case after such a long delay. Accordingly, this case will remain

---

[1] Plaintiff has completed a short-form IFP application, which is not the application accepted in this District. *See, e.g.*, *DiPietro v. New Jersey*, No. 19-17014, 2019 WL 4926865, at *1 (D.N.J. Oct. 7, 2019) (refusing to accept a short-form IFP application).

closed.  Should Plaintiff wish to litigate this case, he must file a new complaint—along with the filing fee or a proper IFP application—under a new docket number[2]; therefore

**IT IS**, on this 7th day of May 2024,

**ORDERED** that Plaintiff's IFP Application is **DENIED**.  This matter will remain closed.

**SO ORDERED.**

          /s/ Susan D. Wigenton  
          **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk  
cc: Leda Wettre, U.S.M.J.  
     Parties

---

[2] It appears that the Amended Complaint principally asks this Court to order Essex County courts and agencies "to nullify, dismiss and/or close [the] (alleged) child support case, cease and desist any further communication and/or correspondence referencing [the] child support enforcement case . . . compelling [Plaintiff] (under threat, duress, and coercion) to make" child support payments.  (*Id.* at 3).  However, "[c]ourts in this Circuit overwhelmingly abstain[] under the *Younger* doctrine when faced with [such] challenges." *Frederick of Family Gonora v. Risch*, No. 23-893, 2023 WL 8271932, at *4 (D.N.J. Nov. 30, 2023) (collecting cases); *see also Gittens v. Kelly*, 790 F. App'x 439, 441 (3d Cir. 2019) ("To the extent that the state court proceeding regarding Gittens' child support obligations were ongoing, the District Court properly invoked the *Younger* abstention doctrine.").